UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HEDRICK BLOCK ,**<br><br>        **Plaintiff**<br><br>        v.<br><br>**FREDRIK REDWAN d/b/a Save N Go Market, et al.,**<br><br>        **Defendants** | **CASE NO. 1:16-CV-0663 AWI BAM**<br><br>**ORDER DISMISSING ONLY DEFENDANTS DESANTIS DEFENDANTS WITHOUT PREJUDICE PURSUANT TO RULE 41 NOTICE**<br><br>(Doc. No. 9) |

On July 22, 2016, Plaintiff filed a notice of voluntary dismissal without prejudice as to only Defendants Pasquale DeSantis and Carmela DeSantis, both as Trustees of the DeSantis Family Trust dated August 13, 2003. See Doc. No. 11. The notice is made pursuant to Federal Rule of Civil Procedure 41(a)(1). See id.

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

In *Wilson v. City of San Jose*, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal

prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. . . . The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

No answers to Plaintiff's complaint and no motions for summary judgment have been filed in this case and it appears that no such documents have been served.  Because Plaintiff has exercised his right to voluntarily dismiss the DeSantis defendants under Rule 41(a)(1), these defendants are no longer parties to this action.  See Wilson, 111 F.3d at 692.

Accordingly, IT IS HEREBY ORDERED that the Clerk shall TERMINATE Pasquale DeSantis and Carmela DeSantis as defendants in light of Plaintiff's Rule 41(a)(1) voluntary dismissal without prejudice.  This case remains open.

IT IS SO ORDERED.

Dated:   July 25, 2016                               _____
                                                                              SENIOR  DISTRICT  JUDGE

2